UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA YANEZ-DAVISON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>Defendants. | No. 2:23-cv-03016-DC-AC<br><br>ORDER GRANTING IN PART DEFENDANT UPS'S MOTION TO DISMISS, GRANTING DEFENDANT DAVIES'S MOTION TO DISMISS, AND DENYING DEFENDANT UPS'S MOTION TO STAY DISCOVERY AS MOOT<br><br>(Doc. Nos. 5, 12, 21) |

This matter is before the court on Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss (Doc. No. 5) and motion to stay discovery (Doc. No. 12), and Defendant Jeff Davies's motion to dismiss (Doc. No. 21). Pursuant to Local Rule 230(g), the pending motions were taken under submission to be decided on the papers. (Doc. Nos. 6, 15, 23.) For the reasons explained below, the court will grant in part Defendant UPS's motion to dismiss, grant Defendant Davies's motion to dismiss, and deny as moot Defendant UPS's motion to stay discovery.

**BACKGROUND**

Plaintiff Christina Yanez-Davison filed this employment action in the San Joaquin Superior Court against Defendant UPS, her former employer; Defendant Joseph Dalia ("Dalia"), her former supervisor; Defendant Davies, a manager at UPS; and Does 1–10. (Doc. No. 1-2.) In her complaint, Plaintiff alleges the following:

1

Defendant UPS hired Plaintiff as "Sort Supervisor" on March 18, 2011, at its Merced Center in Merced, California, and she worked there for eleven years, during which time she maintained a clean disciplinary record. (*Id.* at ¶¶ 11–12, 49.)[1] When she was hired, Plaintiff was the only female supervisor in operations and her job duties included overseeing the department. (*Id.* at ¶¶ 11–12.)

Plaintiff experienced harassing behavior from "at least five male supervisors" and "four union representatives and stewards." (*Id.* at ¶ 17.) Plaintiff's supervisor, Defendant Dalia, would "sit in on Plaintiff's operations" and harassed her for years with "several altercations almost every other month." (*Id.* at ¶ 19–22.) Plaintiff went to the human resources department at Defendant UPS regarding Defendant Dalia, and they told Plaintiff to "kill him with kindness." (*Id.* at ¶ 23.) Plaintiff believes this discussion with human resources occurred in 2013. (*Id.*) According to Plaintiff, Defendant UPS was "going to do absolutely nothing to protect her," and Defendant Dalia's behavior continued for years. (*Id.* at ¶¶ 24–25.)

In the summer of 2017, Defendant Dalia grabbed Plaintiff's wrist during an altercation at work. (*Id.* at ¶¶ 27–30.) Plaintiff contacted her "center manager" and took medical leave following the incident. (*Id.* at ¶ 31.) Defendant UPS then placed Defendant Dalia on a leave of absence pending an investigation. (*Id.* at ¶ 33.) Defendant UPS allowed Defendant Dalia to return to work "right before Plaintiff was to testify" regarding the incident. (*Id.* at ¶ 35.) Plaintiff's car tires were slashed shortly after she returned to work from medical leave. (*Id.* at ¶ 36.) Plaintiff then endured "months of harassment despite the mandated distance from her harasser." (*Id.* at ¶ 37.)

Plaintiff also alleges a center manager falsely accused Plaintiff of taking company property and then visited Plaintiff's residence without invitation. (*Id.* at ¶ 38.) The same center manager allegedly harassed Plaintiff via email following her maternity leave. (*Id.* at ¶ 47.)

---

[1] The court notes that the paragraphs in the complaint are not consistently numbered in sequential order, as there are three paragraphs numbered "10" and paragraphs numbered 11–15 repeat a second time on pages 5 and 6 of the complaint. (*See* Doc. No. 1-2 at 4–6.) To avoid confusion, the court will simply refer to the numbered paragraph as stated in the complaint instead of renumbering the paragraphs.

On October 7, 2022, Plaintiff filed an administrative complaint and received a right to sue letter from California's Civil Rights Department ("CRD").[2] (Doc. No. 1-2 at 23–30.) Also on October 7, 2022, Plaintiff was named as a plaintiff and one of over a dozen proposed class representatives in a class action brought on behalf of female employees of Defendant UPS in the Northern District of California: *Goins et al. v. United Parcel Serv. Inc.*, No. 21-cv-08722-PJH. On April 20, 2023, the court in *Goins* granted in part UPS's motion to dismiss and dismissed Plaintiff Yanez-Davison and several other plaintiffs from that action based on their failure to exhaust administrative remedies. *See Goins v. United Parcel Serv. Inc.*, No. 21-cv-08722-PJH, 2023 WL 3047388, at *15 (N.D. Cal. Apr. 20, 2023).

On October 10, 2023, Plaintiff filed a complaint in San Joaquin Superior Court initiating this action, in which she brings nine causes of action, eight of which are brought against Defendant UPS and Does 1–10 and one claim that is brought against all Defendants. (Doc. No. 1-2.) Specifically, Plaintiff brings her first and third through ninth claims against Defendant UPS and Does 1–10 as follows: (claim 1) hostile work environment in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12900, *et seq.*; (claim 3) assault and battery; (claim 4) failure to take reasonable steps to prevent discrimination, harassment, or retaliation in violation of FEHA; (claim 5) failure to engage in the interactive process in violation of FEHA; (claim 6) intentional infliction of emotional distress; (claim 7) unfair business practice in violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*; (claim 8) violation of the Equal Pay Act; and (claim 9) wrongful termination in violation of public policy. (*Id.* at 9–20.) Plaintiff also brings her second claim against all Defendants for sexual harassment in violation of FEHA (claim 2). (*Id.* at 9–11.)

On December 27, 2023, Defendant UPS filed a notice of removal of Plaintiff's complaint

---

[2] Plaintiff attaches as an exhibit to her complaint a copy of her administrative complaint and right-to-sue letter, which reflect the letterhead of California's Department of Fair Employment and Housing ("DFEH"). (Doc. No. 1-2 at 23–30.) However, in July 2022, DFEH became the Civil Rights Department ("CRD"). *See* https://calcivilrights.ca.gov/aboutcrd/. The parties refer to CRD and DFEH interchangeably in their briefs. To avoid confusion, the court will refer to the department as CRD in this order.

1  to this court. (Doc. No. 1 at 3.)

2  On January 3, 2024, Defendant UPS filed its pending motion to dismiss all claims brought against it with prejudice.³ (Doc. No. 5.) Plaintiff filed an opposition to that motion on January 17, 2024. (Doc. No. 8.) Defendant UPS filed a reply thereto on January 26, 2024. (Doc. No. 9.)

On April 10, 2024, Defendant UPS filed a motion for a protective order to stay discovery while its motion to dismiss was pending before the court. (Doc. No. 12.) Plaintiff filed an opposition to that motion on May 9, 2024. (Doc. No. 16.) Defendant UPS filed a reply thereto on May 13, 2024. (Doc. No. 17.)

On September 30, 2024, Defendant Davies filed his pending motion to dismiss Plaintiff's sole claim brought against him—sexual harassment (claim 2). (Doc. No. 21.) Plaintiff filed an opposition to that motion on October 24, 2024. (Doc. No. 25.) Defendant Davies filed a reply thereto on November 4, 2024.⁴ (Doc. No. 26.)

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to

---

³ Defendant UPS also concurrently filed a request for judicial notice of the second amended complaint filed in the *Goins* action, as well as the order issued in *Goins* on April 20, 2023. (Doc. No. 5-5.) Pursuant to Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Because court filings are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,' pleadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201. *McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.")). Given the *Goins* action is a related litigation in which Plaintiff Yanez-Davison was a named plaintiff, the court will take judicial notice of these documents from the *Goins* action. Defendant UPS also requests the court take judicial notice of Plaintiff's administrative complaint to CRD and right-to-sue letter dated October 7, 2022, but those documents are attached as exhibits to Plaintiff's complaint in this action. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that in ruling on a motion to dismiss, courts may consider documents outside the pleadings if those documents are attached to the complaint, incorporated by reference in the complaint, or are matters of which judicial notice is taken). For that reason, the court will deny Defendant UPS's request to take judicial notice of the CRD complaint and right-to-sue letter.

⁴ Defendant Dalia filed an answer to Plaintiff's complaint on December 20, 2024. (Doc. No. 29.)

4

1  dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted.
2  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim may be dismissed for lack of a
3  cognizable legal theory or the absence of sufficient facts to support a cognizable legal
4  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v.
5  Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

6  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
7  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
8  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see
9  also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim
10 showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if
11 it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is
12 liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For
13 purposes of a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed
14 in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,
15 337–38 (9th Cir. 1996). If a court dismisses certain claims, "[l]eave to amend should be granted
16 unless the district court 'determines that the pleading could not possibly be cured by the
17 allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009)
18 (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

19                                    **ANALYSIS**
20 **A.    FEHA Claims against Defendants UPS and Davies**
21 A plaintiff is required to exhaust all administrative remedies before filing a civil action
22 bringing claims under FEHA based on allegations of discrimination or retaliation. *Chew v. City &
23 Cnty. of San Francisco*, 714 F. App'x 687, 690 (9th Cir. 2017). To satisfy the exhaustion
24 requirement, a plaintiff must: (1) file a written complaint with CRD within one year of the
25 unlawful employment conduct, and (2) receive a right to sue notice from CRD. *Rodriguez v.
26 Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001). "The scope of the written administrative
27 charges defines the permissible scope of the subsequent civil action." *Id.* at 897 (*citing Yurick v.
28 Super. Ct.*, 209 Cal. App. 3d 1116, 1121–23 (1989)). If an allegation in the civil complaint is

outside the scope of the written administrative charge, that allegation is barred for failure to exhaust, unless that allegation is "like or reasonably related to the allegations" in the administrative charge. *Chew*, 714 F. App'x at 690 (internal quotation marks omitted).

Defendant UPS moves to dismiss all of Plaintiff's FEHA claims—hostile work environment (claim 1); sexual harassment (claim 2); failure to take reasonable steps to prevent and correct harassment, discrimination, and retaliation (claim 4); and failure to engage in the interactive process (claim 5). (Doc. No. 5 at 10.) Defendant UPS argues these claims should be dismissed because Plaintiff failed to properly exhaust her administrative remedies prior to filing this lawsuit, among other reasons. (*Id.* at 10–11.)

Defendant Davies likewise moves to dismiss Plaintiff's FEHA sexual harassment claim due to failure to exhaust administrative remedies, among other reasons. (Doc. No. 21 at 5–6.) In her opposition to Defendant Davies's motion, Plaintiff responds that the administrative complaint includes "specific instances of harassment, including the hostile work environment created by Defendant Davies and other male supervisors and employees at the UPS Merced Center, which Plaintiff detailed in her reports to HR and management." (Doc. No. 25 at 5.) However, it is unclear what administrative complaint she is referencing. Notably, Plaintiff does not cite to any document in support of this contention, nor does she attach any exhibits to her opposition brief, such as a copy of the referenced administrative complaint.

As noted above, Plaintiff attached as an exhibit to her complaint the administrative complaint she filed with the CRD on October 7, 2022, and the right-to-sue letter she received in response. (Doc. No. 1-2 at 23–30.) In that CRD complaint, Plaintiff includes all of the bases of discrimination, harassment, and retaliation that are listed on the CRD form complaint, including "race, ancestry, national origin (includes language restrictions), color, sex/gender, gender identity or expression, sexual orientation, disability (physical or mental), sexual harassment–hostile environment, sexual harassment–quid pro quo, family care or medical leave (cfra), pregnancy, childbirth, breast feeding, and/or related medical conditions." (*Id.* at 28–30.) But Plaintiff does not include in that complaint any specific information regarding her employment at Defendant UPS, or the conduct of Defendant UPS or her supervisors. Plaintiff includes no factual

6

1    information whatsoever to substantiate the boilerplate allegations in her administrative complaint.

2          For these reasons, Plaintiff's October 7, 2022 administrative complaint is insufficient to
3    satisfy the administrative exhaustion requirement, even when liberally construed. *See Rodriguez*,
4    265 F.3d at 897 (explaining that FEHA's procedural requirements should be liberally construed to
5    accomplish the Act's purposes of eliminating employment discrimination). "In determining
6    whether the exhaustion requirement has been satisfied, it is appropriate to consider such factors as
7    the alleged basis of the discrimination, dates of discriminatory acts specified within the charge,
8    perpetrators of discrimination named in the charge, and any locations at which discrimination is
9    alleged to have occurred." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir.
10   2002) (internal quotation marks omitted). "[T]he crucial element of a charge of discrimination is
11   the factual statement contained therein." *Id.* Here, consideration of the factors outlined in
12   *Freeman* is not possible because Plaintiff's administrative complaint does not allege any facts
13   describing the alleged discriminatory acts—let alone dates, locations, and alleged perpetrators.
14   Indeed, Plaintiff left the "additional complaint details" section of the complaint form blank. (*See*
15   Doc. No. 1-2 at 29.)

16         Because Plaintiff has clearly failed to exhaust her administrative remedies under FEHA,
17   the court will grant Defendant UPS's motion to dismiss Plaintiff's FEHA claims (claims 1, 2, 4
18   and 5) and Defendant Davies's motion to dismiss Plaintiff's FEHA claim (claim 2), without leave
19   to amend.

20   **B.**    **Assault and Battery Claim against Defendant UPS**

21         Defendant UPS moves to dismiss Plaintiff's assault and battery claim on the ground that it
22   is time-barred by the applicable two-year statute of limitations. (Doc. No. 5 at 13.) In opposing
23   Defendant UPS's motion, Plaintiff counters that she delayed in filing the complaint initiating this
24   action until October 10, 2023, because she reasonably relied on the class action in *Goins* to
25   address her claims, and she believes the limitations period was equitably tolled during the period
26   of time that *Goins* was pending such that she can pursue her assault and battery claim in this
27   action. (Doc. No. 8 at 16.) Under California state law, causes of action for assault and battery
28   must be brought within two-years of the incident. Cal. Civ. Proc. Code § 335.1. Plaintiff's claim

1  for assault and battery in this case is premised on an incident in which Plaintiff's supervisor,

2  Defendant Dalia, allegedly grabbed Plaintiff's wrist and shoved her in the summer of 2017. (Doc.

3  No. 1-2 at ¶¶ 25–32.) Plaintiff filed this action on October 10, 2023, well after the two-year

4  statute of limitations had passed.

5  Therefore, the court finds Plaintiff's claim for assault and battery time barred and

6  concludes that Plaintiff will not be able to overcome the statute of limitations with any

7  amendment to her allegations. *See Lopes v. Fremont Freewheelers*, 362 F. App'x 874, 875 (9th

8  Cir. 2010)[5] (affirming district court's dismissal with prejudice of state law claim for assault and

9  battery on statute of limitations grounds where Plaintiff filed the action more than two years after

10 the alleged incident occurred); *Rodriguez v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00553 JAM,

11 2011 WL 2946381, at *4 (E.D. Cal. July 21, 2011) (dismissing a claim that was barred by the

12 applicable statute of limitations with prejudice because amendment would be futile).

13 Accordingly, the court will dismiss Plaintiff's assault and battery claim against Defendant

14 UPS (claim 3) without leave to amend.

15 **C.    Intentional Infliction of Emotional Distress[6] Claim against Defendant UPS**

16 To state a claim for intentional infliction of emotional distress ("IIED") under California

17 law, a plaintiff must show "'(1) extreme and outrageous conduct by the defendant with the

18 intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

19 plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation

20 of the emotional distress by the defendant's outrageous conduct.'" *Avina v. United States*, 681

21 F.3d 1127, 1131 (9th Cir. 2012) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)). "A

22 defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually

---

[5] Citation to the unpublished Ninth Circuit opinions such as those cited here and elsewhere in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[6] In the complaint, Plaintiff identifies her sixth cause of action as a claim of negligent infliction of emotional distress. (Doc. No. 1-2 at 16.) However, Plaintiff asserts that Defendant UPS's conduct was "intentional," "outrageous," and "malicious." (*Id.* at 16–17.) Plaintiff also characterizes her sixth cause of action as one for intentional infliction of emotional distress in her opposition to Defendant UPS's motion to dismiss. (Doc. No. 8 at 18.) Therefore, the court will treat Plaintiff's claim against Defendant UPS as one for intentional infliction of emotional distress.

8

tolerated in a civilized community." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (internal quotation marks omitted). The defendant must also intend to inflict injury with the understanding that injury will result. *Hughes*, 46 Cal. 4th at 1051.

Defendant UPS argues Plaintiff's IIED claim should be dismissed because Plaintiff has not alleged facts sufficient to state a cognizable claim, and her IIED claim is preempted by the Worker's Compensation Act ("WCA") exclusivity doctrine. (Doc. No. 5 at 14–16.) In her opposition to Defendant UPS's motion, Plaintiff counters that she suffered gender discrimination and Defendant UPS "forc[ed] Plaintiff into signing documentation, subject[ed] her to security questioning, and den[ied] pay raises and bonuses in retaliation . . . ." (Doc. No. 8 at 18.) Plaintiff argues these acts by Defendant UPS are sufficient to state an IIED claim and that her claim is not barred by the WCA. (*Id.*)

Here, Plaintiff alleges Defendant UPS knew of Defendant Dalia's "unfitness" as an employee and ratified his "intentional, outrageous, and malicious" conduct. (Doc. No. 1-2 at 17.) Plaintiff also alleges Defendant UPS "knew of the probable consequences of [Defendant] Dalia's continued employment, including harassment" and that she "experienced harassing and intimidating behavior" from her supervisors. (*Id.*) Plaintiff alleges she experienced adverse employment decisions in the form of lost promotions, benefits, and bonuses. (*Id.*) Further, Plaintiff's IIED claim incorporates the facts previously alleged in the FAC. However, the FAC does not mention any conduct by Defendant UPS that was intended to cause Plaintiff severe emotional distress. *See Reynolds v. Shure*, 148 F. Supp. 3d 928, 932 (E.D. Cal. 2015) (noting plaintiff incorporated facts previously alleged in the complaint but did not further explain how defendant's actions were outrageous and or his distress severe); *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, No. 20-cv-93441-WBS-KJN, 2010 WL 2179964, at *5 (E.D. Cal. May 27, 2010). In its current state, the FAC lacks the sufficient factual allegations to support the claim that Defendant UPS's conduct was outrageous and intentional, or that Defendant UPS acted with reckless disregard of the possibility of causing emotional distress. *See Dove v. PNS Stores, Inc.*, 982 F. Supp. 1420, 1425 (C.D. Cal. 1997). Indeed, Plaintiff does not clearly allege what specific action taken by Defendant UPS caused her alleged emotional distress.

Moreover, Plaintiff fails to plead facts to show she suffered serious emotional distress sufficient to state a claim for IIED. Plaintiff has a "high bar" in demonstrating she suffered severe emotional distress. *See Hughes*, 46 Cal. 4th at 1051. "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1246 (9th Cir. 2013) (quoting *Hughes*, 46 Cal. 4th at 1051) (internal quotation marks omitted).

Plaintiff alleges in conclusory fashion that she experienced "severe emotional distress, great mental pain, embarrassment, humiliation, anguish, and suffering." (Doc. No. 1-2 at 18.) But Plaintiff offers no facts to substantiate her general allegations that she suffered from these symptoms or conditions. *See McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1275 (E.D. Cal. 2012) (dismissing plaintiff's IIED claim where plaintiff failed to plead facts supporting that she suffered from conditions including embarrassment, humiliation, anxiety, and anguish); *Lawler*, 704 F.3d at 1246 (plaintiff's assertion that he suffered from "anxiety, sleeplessness, upset stomach, and sometimes muscle twitches" did not constitute severe emotional distress). Plaintiff does not offer any facts to demonstrate her particular susceptibility to emotional distress, the causal link between Defendant UPS's actions and her emotional state, the intensity of her alleged suffering, or duration of her alleged distress. *See Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 397 (Ct. App. 1970) ("The intensity and duration of the distress are factors to be considered in determining its severity."); *Reynolds v. Shure*, 148 F. Supp. 3d 928, 934 (E.D. Cal. 2015) (dismissing plaintiff's IIED claim where plaintiff stated only that he suffered "anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame" and did not "provide any facts regarding his susceptibility to emotional distress, the duration of the distress, or the causal link between [defendant's] behavior and his emotional state"). For these reasons, the court finds Plaintiff's allegations are insufficient to state a cognizable IIED claim.

Next, the court turns to Defendant UPS's argument that Plaintiff's IIED claim is also preempted by the WCA's exclusivity doctrine. The WCA is the exclusive remedy for claims of IIED when the claims arise out of action taken within the context of the employment relationship.

10

*Carlos v. Old Dominion Freight Line, Inc.*, 726 F. App'x 576, 579 (9th Cir. 2018); *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 233 (1987); Cal. Lab. Code §§ 3600, *et seq.* WCA preemption applies even where an employer's acts within the employment relationship are "calculated to cause severe emotional disturbance." *Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1099 (1992), *overruled on other grounds by Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66 (1998). However, there exists a "long-standing view that unlawful discrimination and retaliation in violation of FEHA falls outside the compensation bargain" and that "claims of such intentional infliction of emotional distress based on such discrimination and retaliation" are not covered by WCA exclusivity. *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017).

Here, Plaintiff's generalized allegations do not provide sufficient detail for the court to determine at this point that her IIED claim would be subject to the WCA exclusivity doctrine. Therefore, the court will grant Defendant UPS's motion to dismiss Plaintiff's IIED claim with leave to amend.

**D.     UCL Claim against Defendant UPS**

To state a UCL claim, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003), *as amended* (Sept. 22, 2003) (quoting Cal. Bus. & Prof. Code § 17200).

To state a claim under the fraudulent prong of the UCL, a plaintiff must allege facts that show reasonable members of the public are likely to be deceived by the allegedly fraudulent conduct. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). As to the fraudulent prong, plaintiff fails to allege facts to show that Defendant UPS engaged in fraudulent conduct and that reasonable members of the public would likely be deceived by Defendant UPS's alleged conduct. Therefore, Plaintiff fails to state a claim under the fraudulent prong of the UCL.

To state a claim under the unlawful prong of the UCL, the alleged conduct must violate a "borrowed" law. *Davis*, 691 F.3d at 1168 (internal quotation marks omitted). No independent right to sue exists under the "unlawful" prong of the UCL. *Mejia v. Chipotle Mexican Grill, Inc.*, 793 F. App'x 519, 521 (9th Cir. 2019). Here, Plaintiff points to California Labor Code § 6402 and

11

1  discrimination and harassment provisions under FEHA as the predicate for her claim under the
2  unlawful prong. Because Plaintiff's FEHA claims fail due to Plaintiff's failure to exhaust
3  administrative remedies, any UCL claim predicated upon them also fail. *See Valladares v.*
4  *Specialized Loan Servicing, LLC,* No. 1:23-cv-01224-NOD-JSAB, 2023 WL 8435575, at *4
5  (E.D. Cal. Dec. 5, 2023) (dismissing plaintiff's UCL claim where plaintiff failed to properly state
6  a claim for a violation of any underlying law); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App.
7  4th 164, 178 (2001) (Claims "for relief under the unfair competition law (Bus. & Prof. Code, §
8  17200 et seq.)—stand or fall depending on the fate of the antecedent substantive causes of
9  action.").

10  Further, California Labor Code § 6402 does not provide for a private right of action and
11  cannot serve as a basis for a UCL claim. *See Wicker v. Walmart, Inc.*, 533 F. Supp. 3d 944, 950
12  (C.D. Cal. 2021) (dismissing plaintiff's UCL claim predicated on violations of the Labor Code,
13  including § 6402, because they do not provide for any private right of action); *see also Turner-*
14  *Gray v. AMN Healthcare Inc.*, No. 23-cv-05507-SI, 2025 WL 50419, at *3 (N.D. Cal. Jan. 7,
15  2025) (agreeing with other district courts in the Ninth Circuit that no private right of action exists
16  under Labor Code sections 6400–6407).

17  As for the unfair prong, "[a] business practice is unfair within the meaning of the UCL if
18  it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and
19  causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal.
20  App. 4th 1457, 1473 (2006). Here, Plaintiff has not sufficiently alleged an unfair business
21  practice by Defendant UPS. Notably, Plaintiff's complaint is devoid of any factual allegations to
22  support any of these elements of a UCL claim under the unfair prong. Moreover, in opposing
23  Defendant UPS's motion to dismiss, Plaintiff does not mention her UCL claim under the unfair
24  prong, let alone offer any argument regarding that claim.

25  Therefore, the court will dismiss Plaintiff's UCL claim with leave to amend.

26  **E.  Equal Pay Act Claim against Defendant UPS**

27  The Equal Pay Act prohibits sex-based wage discrimination by providing that no
28  employer shall discriminate by paying different wages to employees of opposite sexes within an

establishment for jobs that require substantially equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1); *E.E.O.C. v. Maricopa Cnty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (9th Cir. 1984).

Defendant UPS argues that Plaintiff's Equal Pay Act claim should be dismissed because Plaintiff does not allege facts sufficient to state a cognizable claim. (Doc. No. 5 at 18.). According to Defendant UPS, Plaintiff fails to allege: (1) that violations occurred within the "same establishment" as opposite-sex comparators; (2) any facts about the work she performed for which she was underpaid; and (3) how her work was substantially similar to work performed by men under similar working conditions. (*Id.*). The court agrees that Plaintiff's allegations are deficient. Plaintiff vaguely alleges in her complaint that she is "similarly situated with respect to her claims that UPS paid and promoted her less than her male counterparts." (Doc. No. 1-2 at ¶ 118.) But Plaintiff's allegation that unidentified male employees were "similarly situated" is merely a legal conclusion and is otherwise unsupported by allegations of facts elsewhere in the complaint. *See Werner v. Advance Newhouse P'ship, LLC*, No. 1:13-cv-01259-LJO, 2013 WL 4487475, at *5 (E.D. Cal. Aug. 19, 2013) (dismissing Equal Pay Act claim because the plaintiff's allegation she was paid less than similarly situated male employees was conclusory and not entitled to the assumption of truth absent factual support); *Davis v. Inmar, Inc.*, No. 21-cv-03779-SBA, 2022 WL 3722122, at *5 (N.D. Cal. Aug. 29, 2022) (dismissing Equal Pay Act claim where plaintiff alleged only that an unidentified male colleague performed substantially similar work and was paid more). Plaintiff's complaint does not allege any facts to demonstrate she performed her role under similar working conditions and that her role required similar skill, effort, and responsibility as that of her male counterparts.

Therefore, the court will grant Defendant UPS's motion to dismiss Plaintiff's Equal Pay Act claim with leave to amend.

**F.     Wrongful Termination Claim against Defendant UPS**

To state a common law claim for wrongful termination in violation of public policy, Plaintiff must allege: (1) she was employed by UPS; (2) UPS discharged her; (3) "violation of public policy substantially motivated the discharge," and (4) the discharge caused her harm. *See*

13

*Diego v. Pilgrim United Church of Christ*, 231 Cal. App. 4th 913, 920 (2014). The policy must be "(1) delineated in either constitutional or statutory provisions; (2) public in the sense that it inures to the benefit of the public rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." *Id.* (citations and quotation marks omitted).

Defendant UPS argues Plaintiff's claim for wrongful termination in violation of public policy fails because Plaintiff fails to cite a specific statute or constitutional provision that was violated by the termination of her employment. (Doc. No. 5 at 19.) That is, Plaintiff does not allege in her complaint that she was wrongfully discharged in violation of a specific constitutional or statutory provision, as is required to state a cognizable claim for wrongful termination in violation of public policy. Instead, Plaintiff vaguely states that her constructive discharge was in violation of "whistleblower protection" but does not cite to a specific statute or elaborate further. (Doc. No. 1-2 at 20.) Plaintiff also does not allege any facts regarding her claim that she was constructively discharged, nor does she allege facts to show a nexus between any reporting of statutory violations (whistleblowing) and adverse treatment she faced as a result. Absent any indication in Plaintiff's complaint from which inferences could be drawn, the court declines to speculate as to what specific constitutional or statutory provision Plaintiff seeks to invoke. *See Mejia v. Chipotle Mexican Grill, Inc.,* No. 16-cv-7083-R, 2017 WL 11632288, at *2 (C.D. Cal. Dec. 21, 2017); *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1257 (1994).

Plaintiff in her opposition to Defendant UPS's motion frames her claim for wrongful termination as a derivative claim in violation of FEHA. (Doc. No. 8 at 23.) Plaintiff's claim for wrongful termination also fails as a derivative claim because all Plaintiff's other claims fail. *See Sneddon v. ABF Freight Sys.*, 489 F. Supp. 2d 1124, 1131 (S.D. Cal. 2007) (dismissing plaintiff's cause of action for wrongful termination in violation of public policy because plaintiff failed to state a claim as to the underlying FEHA cause of action). Therefore, the court will dismiss Plaintiff's claim for wrongful termination in violation of public policy with leave to amend.

**CONCLUSION**

For the reasons explained above:

14

1. Defendant UPS's request for judicial notice (Doc. No. 5-5) is GRANTED in part and DENIED in part as specified herein;
2. Defendant UPS's motion to dismiss (Doc. No. 5) is GRANTED in part, as follows:
    a. Plaintiff's first claim for hostile work environment is dismissed without leave to amend;
    b. Plaintiff's second claim for sexual harassment is dismissed without leave to amend;
    c. Plaintiff's third claim for assault and battery is dismissed without leave to amend;
    d. Plaintiff's fourth claim for failure to take reasonable steps to prevent and/or correct harassment, discrimination, and retaliation is dismissed without leave to amend;
    e. Plaintiff's fifth claim for failure to engage in the interactive process is dismissed without leave to amend;
    f. Plaintiff's sixth claim for intentional infliction of emotional distress is dismissed with leave to amend;
    g. Plaintiff's seventh claim for unfair business practice under the UCL is dismissed with leave to amend;
    h. Plaintiff's eighth claim for violation of the Equal Pay Act is dismissed with leave to amend; and
    i. Plaintiff's ninth claim for wrongful termination in violation of public policy is dismissed with leave to amend.
3. Defendant Jeff Davies's motion to dismiss is GRANTED;
    a. Plaintiff's second claim for sexual harassment is dismissed without leave to amend; and
    b. Defendant Jeff Davies is dismissed from this action;
4. Defendant UPS's motion for a protective order to stay discovery (Doc. No. 12) is denied as having been rendered moot by this order;

5. Within twenty-one (21) days of the date of entry of this order, Plaintiff shall file a first amended complaint to amend the claims for which leave to amend has been granted, or alternatively, file a notice of her intent not to file a first amended complaint;

6. Plaintiff is warned that her failure to comply with this order may result in dismissal of this action due to Plaintiff's failure to prosecute; and

7. The Clerk of the Court is directed to update the docket to reflect that Defendant Jeff Davies has been terminated from this case.

IT IS SO ORDERED.

Dated: **February 25, 2025**

Dena Coggins
United States District Judge